699 S.E.2d 693

**In the Matter of ANONYMOUS MEMBER OF the SOUTH CAROLINA BAR, Respondent.**

**No. 26879.**

Supreme Court of South Carolina.

Heard Aug. 4, 2010.

Decided Sept. 13, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Elizabeth Van Doren Gray, and Amy L.B. Hill, both of Columbia, for Respondent.

PER CURIAM.

In this attorney disciplinary matter, Respondent was accused under Rule 7(a), RLDE, Rule 413 SCACR of having sexual relations with the wife of one of his clients, during the

period of time in which he was representing the husband. The Office of Disciplinary Counsel (ODC) alleged, in formal charges, that this extramarital relationship created an impermissible conflict of interest between Respondent and his client under 1.7, SCRPC, Rule 407, SCACR.[1] Following a hearing, the Hearing Panel of the Commission of Lawyer Conduct (Panel) dismissed the Rule 1.7 charge. We disagree with the Panel's determination, and hereby admonish Respondent for his conduct. Additionally, for the benefit of the bar, we take this opportunity to address what we see as a treacherous area for attorneys.

## FACTUAL/PROCEDURAL BACKGROUND

Respondent has been an upstanding member of this bar for thirty-seven years, and before this action was filed, had never run afoul of the Rules of Professional Conduct. Nevertheless, the Commission on Lawyer Conduct received a letter from an individual (Client) alleging an inappropriate sexual relationship between his wife, (Wife), and Respondent, whom he claimed was representing Client in three on-going legal matters at the time. As required by Rule 413, SCACR, ODC notified Respondent of the complaint and requested a written response to the allegations contained in Client's letter. Respondent admitted to having a social relationship with Wife, and also informed ODC that upon learning of Client's suspicions, Respondent had sent a letter to Client informing him of his intent to withdraw as counsel and enclosing three consent orders relieving him of further representation.

Thereafter, ODC replied to Respondent's response by requesting additional information, including the following: "Your letter states that you have socialized with Client's estranged wife beginning after your attorney-client relationship with her ended. Please provide this date." In answer, and upon the advice of counsel, Respondent stated that he had socialized

---

1. ODC also formally charged a violation of Rule 8.1, SCRPC, Rule 407, SCACR, and the Hearing panel recommended an Admonition as to Rule 8.1(b). In light of our Admonishment on the Rule 1.7 charge, we decline to address the specifics of the alleged 8.1 violation. Similarly, we decline to address the appeal from ODC's motion to produce the entire attorney-client file kept by Respondent's initial counsel, as well as ODC's exceptions to the Panel's hearsay rulings.

with Wife sometime earlier that year. Subsequently, ODC sent a further letter, asking the more direct question: "Have you had sexual relations with [Client]'s wife." In reply, Respondent submitted a signed affidavit attesting that he engaged in sexual relations with Wife on one occasion, but had informed Client two days later that he could no longer represent him and had terminated all further communication with Wife. One week later, ODC gave Respondent notice that it had been authorized to conduct a full investigation into Client's allegations, specifically finding Rules 1.7, 1.8, and 8.4, SCRPC, Rule 407, SCACR relevant to its investigation.

In March of the following year, Respondent received notice from ODC of the filing of formal charges against him based on Client's complaint, as well as an allegation under Rule 8.1, SCRPC, Rule 407, SCACR that Respondent had been less than truthful initially with ODC's requests. Respondent replied by denying the allegations that he had violated the Rules of Professional Conduct. Additionally, in light of the new 8.1 charge, Respondent's attorney anticipated needing to perform the function of a fact witness at the hearing; therefore, Respondent retained new counsel in this matter.

Following a hearing, the Panel issued a report dismissing the Rule 1.7 charge, and recommending an Admonition for a Rule 8.1(b) violation. Both the ODC and Respondent appeal from the Panel's decision.

## STANDARD OF REVIEW

"This Court has the sole authority to discipline attorneys and to decide the appropriate sanction after a thorough review of the record." *In re Thompson*, 343 S.C. 1, 10, 539 S.E.2d 396, 401 (2000). "Although this Court is not bound by the findings of the Panel and Committee, these findings are entitled to great weight, particularly when the inferences to be drawn from the testimony depend on the credibility of the witnesses." *In re Marshall*, 331 S.C. 514, 519, 498 S.E.2d 869, 871 (1998). "However, this Court may make its own findings of fact and conclusions of law." *Id.*

## LAW/ANALYSIS

ODC first objects to the Panel's dismissal of the Rule 1.7 charge on the grounds that a primary duty of loyalty and

trust to a client is compromised by a sexual relationship with the spouse of the client. We agree.

Rule 1.7(a) provides:

Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

The Panel specifically stated it did not condone Respondent's conduct in this case, noting: "we find it morally inappropriate and ill-advised at best." However, the Panel found that sleeping with the spouse of a client did not constitute a *per se* violation of the Rules of Professional Conduct, and that in viewing the totality of this case, it did not believe Respondent's conduct rose to the level of a Rule 1.7 violation. We disagree.

The circumstances and facts of this case come dangerously close to an outright conflict of interest under Rule 1.7(a)(1). ODC maintains the Panel erred because it found Respondent's conduct to be morally inappropriate and ill-advised, yet still found the conduct did not rise to the level of a Rule 1.7 violation. We feel Respondent's actions, at the very least, created a "significant risk" that his representation of Client could be compromised due to his personal interest and interaction with Wife. Indeed, that significant risk was realized in this case when Client objected to the relationship between Wife and Respondent, and Respondent ended the attorney/client relationship.

The practice of law is a laudable profession that should be held to the highest of standards; practicing law is a privilege. Respondent admits to a serious lapse in judgment in these circumstances, and rightly so. Sexual involvement with the spouse of a current client, while not expressly proscribed by the language of our Rules of Professional Conduct, unquestionably has the propensity to compromise the most sacred of

professional relationships: that between an attorney and his or her client. Attorneys who engage in a sexual relationship with their client's spouse do so at their professional peril. Consequently, this Court alerts the bar, in addition to admonishing Respondent, that a sexual relationship with the spouse of a current client is a *per se* violation of Rule 1.7, as it creates the significant risk that the representation of the client will be limited by the personal interests of the attorney.

## CONCLUSION/RECOMMENDATION

It is clear that Respondent understands and acknowledges the damage his conduct caused the attorney-client relationship in this case. Accordingly, we admonish Respondent for this conduct and the conflict of interest it caused, which is clearly a violation of Rule 1.7, SCRPC. In imposing this sanction, the Court is acutely mindful of Respondent's long-standing and untarnished professional record. Additionally, we caution the bar that henceforth, this type of conduct with the spouse of a current client will be considered a violation of our Rules of Professional Conduct.

TOAL, C.J., BEATTY, KITTREDGE, HEARN, JJ., and Acting Justice R. KNOX McMAHON, concur.